**Mrs. Gladys NOAH, Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

**No. 17282.**

United States Court of Appeals Fifth Circuit.

May 29, 1959.

Rehearing Denied July 20, 1959.

Leo L. Dubourg, New Orleans, La., for appellant.

Patrick W. Browne, Jr., A. J. Waechter, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES, TUTTLE, CAMERON, JONES, BROWN and WISDOM, Circuit Judges, en banc.

WISDOM, Circuit Judge.

On the original hearing in this case, a majority of the Court held that a longshoreman, drowned while loading a ship in the Mississippi River, was a waterfront worker in the twilight zone, as the twilight zone doctrine is set forth in Davis v. Department of Labor and Industries of Washington, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. Noah's dependent mother, therefore, might "elect to bring suit under the state com-

pensation law or the federal Longshoremen's and Harbor Workers' Compensation Act [33 U.S.C.A. § 901 et seq.]". Noah v. Liberty Mutual Insurance Company, 5 Cir., 1959, 265 F.2d 547, 548. The majority opinion was based on the view that Hahn v. Ross Island Sand & Gravel Co., 1959, 358 U.S. 272, 79 S.Ct. 266, 3 L.Ed.2d 292, has now "settled it that the jurisdiction in cases of this kind is not exclusive but concurrent".

On rehearing by the Court en banc, a majority of the Court is of the opinion that Hahn v. Ross Island Sand & Gravel Co. does not go so far as to hold that a longshoreman is in the twilight zone. The effect of such a holding would be to overrule by implication Southern Pacific Company v. Jensen, 1917, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 and to expand the twilight zone to the point where all amphibious workers would be in the twilight zone, contrary to Davis v. Department of Labor and Industries of Washington, 1942, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. Both cases were cited with approval in Hahn v. Ross Island. Both are still the law. As pointed out in Flowers v. The Travelers Insurance Co., 5 Cir., 1958, 258 F.2d 220, 226, certiorari denied 1959, 359 U.S. 920, 79 S.Ct. 591, 3 L.Ed.2d 582: "[The employment of longshoremen to load and unload cargo] is the precise employment described in the Longshoremen's Act and was indeed the very activity which gave rise to Jensen, to Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754, 1930 A.M.C. 763, to Employers' Liability Assurance Corp. v. Cook, 281 U.S. 233, 50 S.Ct. 308, 74 L.Ed. 823, 1930 A.M.C. 760, to Northern Coal & Dock Co. v. Strand, 278 U.S. 142, 49 S.Ct. 88, 73 L.Ed. 232, 1929 A.M.C. 64, and more recently to Pennsylvania Railroad Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367, 1953 A.M.C. 237."

We hold therefore that the Louisiana Workmen's Compensation law is inapplicable. The District Court correctly held that the federal Longshoremen's and Harbor Workers' Act provided the exclusive remedy for Noah's dependent, and properly dismissed the suit.

The Petition for Rehearing is granted; the judgment heretofore entered by this Court reversing the judgment of the lower court and remanding the case for trial is set aside, and the judgment of the lower court is

Affirmed.

HUTCHESON, Chief Judge, and CAMERON, Circuit Judge, dissenting.

Rehearing denied; HUTCHESON, Chief Judge, and CAMERON, Circuit Judge, dissenting.