PLOTKIN, Judge.
Louisiana Dock Company appeals an award of Louisiana workers’ compensation benefits to appellee John Logan based on its contention that the trial court lacked jurisdiction to decide the issue.
Logan injured his right knee on November 7, 1985 while working on a drydock owned by Louisiana Dock. He was employed as a welder at the time and was working underneath a barge on one of the company’s two floating drydocks in the Mississippi River. He sued for compensation under the Louisiana workers’ compensation laws and was awarded benefits under that law by the trial court. Louisiana Dock contests the trial court’s jurisdiction, claiming the plaintiff’s exclusive remedy was under the Longshoremen’s and Harbor Worker’s Compensation Act (LHWCA). Logan alleges the state court properly exercised jurisdiction because this case falls in the “twilight zone,” which allows state courts to exercise concurrent jurisdiction with federal courts.
Traditionally, federal courts have enjoyed exclusive jurisdiction over claims involving maritime workers. In Southern Pacific Co. v. Jensen, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917), the United States Supreme Court held that Art. III, Sec. 2 of the federal Constitution, which provides that federal courts have power to hear “all cases of admiralty and maritime Jurisdiction,” prohibits application of state compensation statutes to longshoremen injured on the seaward side of the line between the land and the sea. After Jensen, Congress enacted the LHWCA to provide a dependable compensation scheme to protect those workers injured over navigable waters who were rendered ineligible for state workers’ compensation benefits under that decision. By its own terms the Act applies to the following groups, which fall under the definition of “employee:”
any person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker. (Emphasis added).
33 U.S.C. § 902(3). Since the passage of the Act, determination of whether the federal or state compensation scheme applies under a given factual situation has become a problem.
In Davis v. Department of Labor, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246 (1942), the Supreme Court determined that concurrent jurisdiction between state and federal courts exists for employees who occupy a “shadowy area” where it is difficult to determine whether state or federal law should apply. However, the court stated specifically that “[hjarbor workers and longshoremen employed ⅛ whole or in part, upon the navigable waters’ are clearly protected by th[e] Federal Act.” Since there is no question that the plaintiff in the instant case is a longshoreman, the trial court could not exercise jurisdiction under the Davis rationale.
This conclusion is supported by Flowers v. Travelers Ins. Co., 258 F.2d 220 (5th Cir.1958) and Noah v. Liberty Mut. Ins. Co., 267 F.2d 218 (5th Cir.1959). In Flowers, the Fifth Circuit held that a welder, injured while repairing a vessel at a dry-dock, was engaged in maritime employment, was covered by the LHWCA, and was not a part of the “twilight zone.” The facts of that case are almost identical to the case at hand. In Noah, the court came to the same conclusion concerning a longshoreman injured while engaged in maritime activities on navigable waters. The Louisiana Supreme Court reached the same decision in Ellis v. Travelers Ins. Co., 241 La. 433, 129 So.2d 729 (1961).
*430 As the above cases indicate, the historical view is that the instant dispute falls under exclusive federal jurisdiction. This position has been reaffirmed by the recent Fifth Circuit decision in Texas Employers’ Ins. Ass’n v. Jackson, 820 F.2d 1406 (5th Cir.1987), which held that the LHWCA preempts state law in this area for all three of the reasons federal law can be found to preempt state law: (1) Congress’ express statement in 33 U.S.C. § 905, (2) Congressional intention to replace state law, and (3) Conflict between federal and state law.
The appellee’s position that this case falls under the concurrent jurisdiction doctrine, which would allow the plaintiff to choose whether to file suit in state or federal court, is understandable in light of some of the recent jurisprudence in the area. Although a superficial consideration of the recent cases does indicate some confusion, a closer study reveals that they are all distinguishable from the case at hand and that the instant case falls under the exclusive federal jurisdiction for LSHWA.
In Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980), the United States Supreme Court held that states may apply their workers’ compensation scheme to land-based injuries falling within the coverage of the LHWCA. The simple result of this case is that even traditional maritime workers may bring suit in state court for state workers’ compensation benefits when they are injured on the land side of the Jensen line. The result does not apply to the instant case where the injury occurred over water.
In Thompson v. Teledyne Movible Offshore, Inc., 419 So.2d 822 (La.1982), another case relied on by appellee, the Louisiana Supreme Court held that a worker hired within Louisiana who was injured while working on a fixed platform on the outer Continental Shelf beyond the State's territorial waters could recover workers’ compensation benefits in state court notwithstanding his entitlement to compensation under the LHWCA. The Thompson case resulted in expansion of state court jurisdiction to fixed platforms whether or not they were located within Louisiana’s territorial waters, because fixed platforms are treated like dry land. It has no effect on the result in this case, where the injury did not occur on a fixed platform.
In Poche v. Avondale Shipyards, Inc., 339 So.2d 1212 (La.1976), the Louisiana Supreme Court did the opposite of what the trial court did in the instant case. The court allowed a land-based worker, traditionally limited to recovery under state law, to file suit under the LHWCA. It does not require a like extension of jurisdiction of the state workers’ compensation law to injuries occurring over water and thus does not control the instant case.
Beverly v. Action Marine Services, Inc., 433 So.2d 139 (La.1983) is the most pursua-sive case cited by the appellee. In that case, the Louisiana Supreme Court allowed the parents of a land-based maritime worker injured over water to recover under state law. However, the plaintiffs in Beverly had no remedy under the LHWCA because they were not dependent on the decedent. Therefore, the plaintiffs’ claims did not fall under the exclusive jurisdiction for the LHWCA and there was no bar to state court jurisdiction. The result does not apply to the instant case where the plaintiff does have a federal law remedy.
As indicated, none of the above cases controls the case at issue. First, all are distinguishable from the instant situation. None provides for concurrent state jurisdiction over claims for losses caused by injury to a longshoreman repairing a vessel on a drydock when the lonshoreman has a remedy under the LHWCA. Second, the Texas Employers case, supra, which was decided subsequent to all the above decisions, indicates that federal jurisdiction is exclusive in the instant case. The historical rule from Jensen, supra controls. Therefore, the state trial court improperly exercised jurisdiction. The decision is reversed. All other issues argued by the parties are pre-termitted by resolution of this issue.
REVERSED.