689 So.2d 667 (1997)
Lyle VARDAMAN, et ux.; Harold Turner, et ux.; Ernie Pierce, et ux.; Lester Berry, Individually and on Behalf of Jory Berry; Elizabeth Berry; and Susan Crowe
v.
BAKER CENTER, INC., and Velsicol Chemical Company.
No. 96 CA 0831.
Court of Appeal of Louisiana, First Circuit.
February 14, 1997.
*668 Timothy J. McNamara, Michael G. Durand, Gary P. Kraus, Onebane, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, for Defendant-Appellant Willie's Exterminating Co.
Amos H. Davis, Smith and Davis, L.L.P., Baton Rouge, for Defendant-Appellant Interstate Fire & Casualty Co.
Thomas M. Nosewicz, Robert L. Walsh, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., New Orleans, for Defendant-Appellee Velsicol Chemical Corp.
Before CARTER, LeBLANC and PARRO, JJ.
PARRO, Judge.
Certain defendants appeal from a judgment granting plaintiffs' motion for voluntary dismissal which resulted in the dismissal with prejudice from the principal action of a co-defendant against whom claims for contribution and indemnity had been asserted. For the following reasons, we affirm.

Facts and Procedural History
Lyle Vardaman, Irma Lewis Vardaman, Harold Turner, Juanita Turner, Ernie Pierce, Jane Pierce, Lester Berry (individually and on behalf of his minor son Jory Berry), Elizabeth Berry, and Susan Crowe (collectively referred to as "plaintiffs") initially filed suit against Baker Center, Inc. ("Baker") and Velsicol Chemical Company ("Velsicol"). In their petition, certain plaintiffs alleged their employer, Baker, was strictly liable as owner in conjunction with the application of a chemical used for the treatment of termites at the workplace. They also alleged Velsicol was strictly liable as the manufacturer of the allegedly unreasonably dangerous product and for failing to warn and to restrict distribution and use of this product.
Baker answered with a general denial of the allegations of the original petition and filed a cross claim against Velsicol. Additionally, Baker filed a third party demand against Willie's Exterminating Company ("Willie's") alleging that it was negligent in its application of the chemical. Baker has also filed an answer to each of plaintiffs' subsequently filed amending and supplemental petitions.
Velsicol responded to plaintiffs' original petition by filing certain declinatory and dilatory exceptions regarding the sufficiency and adequacy of the allegations in the petition, which prompted the filing of plaintiffs' first amending and supplemental petition. Afterwards, Velsicol answered plaintiffs' original petition and all subsequent amending and supplemental petitions with a general denial of the allegations and raised the issue of prescription. It also filed a peremptory exception raising the objections of no cause of action and/or no right of action.
*669 In their second amending and supplemental petition, plaintiffs added Willie's as a party defendant alleging that it was negligent in its application of the chemical. Willie's responded by filing a peremptory exception raising the objection of prescription, which was denied by the trial court. Willie's also filed an answer to each subsequently filed amending and supplemental petition denying plaintiffs' allegations and raising the issues of prescription, indemnity, and contribution as to the third party demand filed against it by Baker.
In their fourth amending and supplemental petition, plaintiffs added Interstate Fire & Casualty Company ("Interstate"), which had issued a commercial general liability policy to Willie's that allegedly provided coverage for plaintiffs' injuries. Interstate answered with a general denial of the allegations of the original and each amending and supplemental petition.
All defendants have filed one or more motions for summary judgment in this case. Velsicol, Baker, and Willie's motions for summary judgment were consolidated for hearing. The defendants' various motions for summary judgment were opposed by plaintiffs. While these motions were pending, Willie's, Interstate, and Baker filed separate cross claims against Velsicol for indemnity or contribution.
Following the filing of their responses to Velsicol's request for admissions of fact, plaintiffs moved for voluntary dismissal, with prejudice, of all of their claims against Velsicol.[1] In their motion, plaintiffs expressly reserved their rights against all other parties. Although Willie's did not oppose the dismissal of Velsicol, it opposed the granting of a dismissal with prejudice and requested that the dismissal be without prejudice. Despite Willie's opposition, plaintiffs' motion for a dismissal with prejudice was granted by the trial court, and Velsicol was dismissed from the principal action. From the order of dismissal, Willie's and Interstate appeal and contend the trial court erred in dismissing plaintiffs' claims against Velsicol with prejudice.

Discussion
The issue for our consideration is whether the trial court has authority or discretion to refuse to grant a judgment of dismissal with prejudice upon presentation of a voluntary motion to dismiss with prejudice. LSA-C.C.P. art. 1671 addresses voluntary dismissals and provides:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
The first sentence of this article refers specifically to an application of the plaintiff for a dismissal of an action "without" prejudice. The second sentence of this article must be read in conjunction with the first sentence so that the reference to "the application" means the application for a dismissal "without" prejudice. Therefore, if an application for dismissal without prejudice is made prior to a general appearance by the defendant, a judgment dismissing the action without prejudice is mandatory and the trial court has no discretion in this regard. However, if an application for dismissal without prejudice is made after a general appearance by the defendant, the trial court has discretion to refuse to grant a judgment of dismissal without prejudice. Turner v. Leslie, 96-2288 (La.12/6/96), 684 So.2d 395, 396. Moreover, the trial court may not dismiss an action without prejudice if the substantive rights acquired by the defendant would be lost or if the dismissal would deprive the defendant of a just defense. City National Bank v. Anlage, 448 So.2d 199, 200 (La.App. 1st Cir. 1984). When either of these circumstances exists and the plaintiff has moved for a dismissal without prejudice, the trial court may grant the voluntary dismissal only if the plaintiff agrees that it be a dismissal with prejudice. See R.G.C. Investments, Inc. v. *670 Almerico, 435 So.2d 1043, 1046 (La.App. 5th Cir.), writ denied, 438 So.2d 574 (La.1983).
Our discussion has focused on the fact that LSA-C.C.P. art. 1671 addresses the voluntary motion of a plaintiff to dismiss an action without prejudice. This article does not purport to govern the disposition of a plaintiff's voluntary motion to dismiss an action "with" prejudice. Our research discloses no positive law or jurisprudence restricting the right and authority of a plaintiff to dismiss an action with prejudice. Furthermore, we could find no authority which would give the trial court discretion to convert a plaintiff's motion for a dismissal with prejudice to one without prejudice. Cf. Roussell v. Roussell, 94-742, 94-743 (La.App. 5th Cir. 1/31/95), 650 So.2d 373, 374-75. Because a plaintiff has the right to institute an action against a defendant in the first instance, such a plaintiff has the corresponding right to dismiss the action with prejudice if he or she so chooses. Therefore, we conclude the trial court had no authority or discretion to refuse to grant a judgment of dismissal with prejudice upon application by the plaintiffs for a dismissal of the action against Velsicol with prejudice.
Willie's and Interstate argue the dismissal with prejudice of plaintiffs' claims against Velsicol could have the effect of eliminating their rights to contribution and/or indemnity which have been asserted by way of incidental demands. Velsicol concedes Willie's and Interstate's right to indemnity would not be affected by the dismissal. See LSA-C.C.P. art. 1039. The effect that such a dismissal would have on their rights to contribution is an issue to be determined by the trial court in accordance with applicable law.[2]

Decree
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against Willie's Exterminating Company and Interstate Fire & Casualty Company.
AFFIRMED.
NOTES
[1] Plaintiff, Harold Turner, had previously filed a motion to dismiss his suit as to Velsicol, with prejudice, which was granted by the trial court on January 9, 1990.
[2] Whether or not the dismissal has affected their rights to contribution, if Velsicol is found to be a solidary co-obligor with Willie's and Interstate at trial, then Willie's and Interstate would have the right to urge a deduction in plaintiffs' recovery based on the proportion of fault attributed to Velsicol. See LSA-C.C. arts. 1803 and 1805.