MICHAEL E. KIRBY, Judge.
 

 | jThis consolidated case involves three appeals of pre-trial judgments rendered in a personal injury lawsuit brought by plaintiff, Blaise DiBenedetto. Plaintiff filed suit against numerous defendants, including previous employers, claiming that he contracted malignant mesothelioma as a result of exposure to asbestos while working for Noble Drilling Company from 1972 to 1974, and for various stevedoring companies on the New Orleans riverfront from 1974 through 2008. Our holdings in all three appeals are in plaintiffs favor. This case will be remanded to the trial court for further proceedings.
 

 APPEAL NO. 2009-CA-0073
 

 Defendant, Cooper/T. Smith Stevedor-ing Company, Inc. (“CTS”) appeals the trial court judgment, which (1) upheld plaintiffs right to dismiss with prejudice defendants, South African Marine Corporation, Ltd. and Industrial Development Corporation of South Africa, Ltd., and (2) granted plaintiffs request to prohibit defendants in the case from filing a third party demand against other defendants previously dismissed with prejudice. Because we find no error in the trial court’s judgment, we affirm.
 

 |2The plaintiff had the right to dismiss with prejudice the two South African com-
 
 *403
 
 pañíes, and to secure an order prohibiting all defendants from filing third party demands against defendants previously dismissed with prejudice. The Louisiana Code of Civil Procedure articles cited by CTS do not support its position that the trial court erred in its rulings.
 

 The following is the procedural history pertinent to this appeal. The two South African companies dismissed by plaintiffs were named as defendants in plaintiffs petition. On the same date that the petition was filed, plaintiff filed a motion to dismiss with prejudice all claims asserted against those two defendants. The trial court granted plaintiffs motion. CTS, another defendant named in plaintiffs petition, later filed a third party demand naming the two South African companies as third party defendants. In response to CTS’s third party demand, plaintiff requested an order prohibiting any defendant from filing a third party claim against any defendants previously dismissed with prejudice.
 
 [1]
 
 Following a hearing, the trial court granted plaintiffs motion to dismiss with prejudice all third party claims against the two South African companies, and prohibited other defendants from filing third party demands against any defendant previously dismissed with prejudice.
 

 On appeal, CTS asserts three assignments of error:
 

 (1) the trial court erred when it dismissed the two South African companies with prejudice before either entity had made an appearance in the suit;
 

 (2) the trial court erred when it subsequently issued an order prohibiting any party from bringing a third party demand against the two South African companies; and
 

 la(3) the trial court erred when it dismissed CTS’s third party demand against the two South African companies.
 

 We initially note that CTS filed a writ application in this Court seeking review of the judgment at issue. The writ application raised the exact same issues as in the instant appeal. This Court denied the writ application, 2008-C-1360, on January 21, 2009.
 

 CTS now argues that it has a right to file a third party demand against the two South African companies. It argues that the trial court’s dismissal of those two defendants with prejudice, and the order prohibiting the filing of third party demand against defendants previously dismissed with prejudice violate the Louisiana Code of Civil Procedure. CTS also argues that any judgment of dismissal should have been without prejudice, and notes that the Code of Civil Procedure provides that a judgment of dismissal without prejudice does not bar any third party demand.
 

 La. C.C.P. article 1671 states in pertinent part: “A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant.” CTS argues that article 1671 mandates that a judgment dismissing a defendant, at plaintiffs request, prior to a general appearance by that defendant must be without prejudice. We disagree with CTS’s interpretation of La. C.C.P. article 1671.
 

 The issue of whether the trial court has the authority or discretion to refuse to grant a judgment of dismissal
 
 *404
 
 with prejudice upon presentation of a voluntary motion to dismiss with prejudice was addressed by the First Circuit in
 
 Vardaman v. Baker Center, Inc.,
 
 96-0881, pp. 3-5 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, 669, |4670. While La. C.C.P. article 1671 addresses the voluntary motion of a plaintiff to dismiss an action
 
 without
 
 prejudice, it does not purport to govern the disposition of a plaintiffs voluntary motion to dismiss an action
 
 with
 
 prejudice.
 
 Id.
 
 (Emphasis ours.) Because a plaintiff has the right to institute an action against a defendant in the first instance, such a plaintiff has the corresponding right to dismiss the action with prejudice if he or she chooses.
 
 Id.
 
 The trial court does not have authority or discretion to refuse to grant a judgment of dismissal of a defendant with prejudice upon application by plaintiff.
 
 Id.
 

 We agree with the First Circuit’s reasoning in
 
 Vardaman v. Baker Center, Inc., supra.
 
 Because we find that La. C.C.P. article 1671 applies only to situations where a plaintiff files a voluntary motion to dismiss
 
 ivithout
 
 prejudice, we hold that article 1671 is inapplicable in the instant case because this case involves the plaintiff’s voluntary motion to dismiss two defendants
 
 with
 
 prejudice. CTS’s argument that the trial court’s judgment violated La. C.C.P. article 1671 is without merit.
 

 We also find no merit in CTS’s argument that La. C.C.P. article 1038 allows it the “unfettered right” to file a third party demand in this matter. Article 1033 addresses the issue of when leave of court is required to file an incidental demand, but the article does not authorize the filing of a third party demand against a previously dismissed defendant. La. C.C.P. article 1033 provides, in pertinent part:
 

 An incidental demand may be filed without leave of court at any time up to and including the time the answer to the principal demand is filed.
 

 An incidental demand may be filed thereafter, with leave of court, if it will not retard the progress of the principal action, or if permitted by Articles 1066 or 1092.
 

 |5CTS has cited no case in which a third party demand was allowed to be filed against a previously dismissed defendant, and our research does not disclose any cases supporting CTS’s position.
 

 CTS also cites the second sentence of La. C.C.P. article 1673, which states that “[a] judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.” That portion of La. C.C.P. article 1673 does not apply in this case because the judgment of dismissal was entered with prejudice.
 

 APPEAL NO. 2009-CA-0464
 

 This appeal presents the issue of whether plaintiffs claims against three of his former employers are barred by the Longshore and Harbor Workers’ Compensation Act (“LHWCA”), 33 U.S.C. § 901
 
 et seq.
 
 Plaintiff did not seek benefits under the LHWCA, choosing instead to file a tort claim in state court. Defendants, CTS, Ports America Gulport, Inc. and SSA Gulf Inc., each filed motions for summary judgment arguing that the LHWCA is plaintiffs exclusive remedy, thereby barring plaintiff from pursuing his tort claims against them. In three separate judgments, the trial court granted summary judgment in favor of these defendants, and dismissed plaintiffs claims against them with prejudice. Plaintiffs motion for new trial of CTS’s motion for summary judgment was denied. Plaintiff appeals these four judgments. Defendants, Union Carbide Corporation and Montello, Inc., appeal the summary judgments in favor of CTS and SSA Gulf, Inc. and the denial of plaintiff’s motion for new trial. Because
 
 *405
 
 we find that the trial court erred in granting these summary judgments, we reverse.
 

 |f,We find that the trial court erred in holding that plaintiffs claims against his former employers are barred by the LHWCA. Even though plaintiff could have claimed benefits under the LHWCA, the federal compensation scheme is not his exclusive remedy.
 

 In a long-latency occupational disease case, the plaintiffs cause of action accrues when exposures are significant and such exposures later result in the manifestation of damages.
 
 Austin v. Abney Mills, Inc.,
 
 2001-1598, p. 25 (La.9/4/02), 824 So.2d 1187, 1154, citing
 
 Cole v. Celotex Corp.,
 
 599 So.2d 1058, 1066 (La.1992). Tortious exposures are significant when asbestos dust has so damaged the body that the fibrogenic effects of its inhalation will progress independently of further exposure.
 
 Id,.,
 
 citing
 
 Abadie v. Metropolitan Life Insurance Co.,
 
 2000-0844-851 (La.App. 5 Cir. 3/28/01), 784 So.2d 46, 64. Given the laws in effect at the time of plaintiffs alleged first significant tortious exposure to asbestos, we find that he is entitled to present his tort claims in state court.
 

 Plaintiff contends that a substantial contribution to his occupational exposure to asbestos occurred while he worked on the New Orleans riverfront beginning in 1974. Although the Louisiana Workers’ Compensation Act was in effect when plaintiff worked as a longshoreman, mesothelioma was not covered under the Act until the 1975 amendment. La. R.S. 23:1031.1;
 
 Rando v. Anco Insulations, Inc., 2008-
 
 1163, 2008-1169 (La.5/22/09), 16 So.3d 1065. Thus, plaintiffs claim of pre-1975 exposure is not subject to the exclusive remedy provision of this Act. The parties do not dispute this.
 

 The LHWCA was amended in 1972 to extend benefits to certain classes of maritime workers who performed their duties on land.
 
 Poche v. Avondale Shipyards, Inc.,
 
 339 So.2d 1212, 1215 (La.1976). Congress originally enacted the |7LHWCA to provide a federal compensation remedy for workers injured on navigable waters “if recovery for the disability or death through workmen’s compensation proceedings may not validly be provided by State law.” 33 U.S.C. § 903(a);
 
 Poche, supra,
 
 at 1216. 33 U.S.C. § 905(a) provides, in pertinent part, that “[t]he liability of an employer ... shall be exclusive and in place of all other liability of such employer to the employee ...”
 

 The 1972 extension of LHWCA coverage for land-based injuries was enacted to supplement, rather than supplant, state compensation law.
 
 Sun Ship, Inc. v. Pennsylvania,
 
 447 U.S. 715, 720, 100 S.Ct. 2432, 2436, 65 L.Ed.2d 458 (1980);
 
 See also Poche v. Avondale Shipyards, Inc., supra.
 
 The exclusivity provision of the LHWCA has not been construed to exclude remedies offered by other jurisdictions.
 
 Sun Ship, Inc. v. Pennsylvania, supra,
 
 447 U.S. at 722, 100 S.Ct. at 2438, fn. 4. In
 
 Sun Ship,
 
 the plaintiffs chose to file for benefits under their state’s compensation act even though the LHWCA, as amended in 1972, also applied to their injuries. The Court rejected the plaintiffs’ employer’s contention that the LHWCA was plaintiffs’ exclusive remedy, and held that a state may apply its workers’ compensation scheme to land-based injuries that also fall within the coverage of the LHWCA.
 
 Id.
 
 at 716-717,100 S.Ct. at 2434.
 

 We recognize that the
 
 Sun Ship
 
 case differs from the instant case in that
 
 Sun Ship
 
 involved a situation where plaintiffs were eligible for benefits under both the LHWCA and state compensation laws. Here, plaintiffs illness is covered by the LHWCA, but is not covered by the version
 
 *406
 
 of the Louisiana Workers’ Compensation Act in effect at that time of his first alleged significant tortious exposure to asbestos. Although not exactly the same, we find that the scenario in |sthe instant case is similar to that in the
 
 Sun Ship
 
 case. Based on the reasoning in
 
 Sun Ship,
 
 we reason by implication that the plaintiff in this case is not limited to recovery under the LHWCA.
 

 The absence of coverage of diseases such as mesothelioma in the pre-1975 version of the Louisiana Workers’ Compensation Act simply means that plaintiffs claim of pre-1975 exposure is not subject to the exclusivity provision of that Act. The fact that the Louisiana compensation scheme does not provide a remedy for plaintiff does not mandate the result that he can only seek recovery under the federal compensation scheme. Plaintiff is entitled to pursue other remedies available to him under Louisiana law as it existed at the time of his first alleged significant tortious exposure to asbestos. One of those available remedies is the potential recovery of damages through a state court tort action.
 

 For these reasons, we find that trial court erred in granting summary judgment in favor of CTS, Ports America Gul-port, Inc. and SSA Gulf Inc., and in finding that plaintiffs claims against those defendants are barred by the LHWCA.
 

 APPEAL NO. 2009-CA-1025
 

 This appeal presents the issue of whether the executive officers of plaintiffs former stevedoring employers are entitled to immunity from suit under the LHWCA. In addition to suing his former employers, plaintiff also sued the executive officers of those companies. Following the trial court’s granting of summary judgment in favor of three of plaintiffs former employers, several executive officers of those companies filed exceptions of no cause of action based on their alleged LHWCA tort immunity. The executive officers who filed the exceptions are Angus Cooper II and David Cooper, Sr. of CTS, Joseph W. Harper 19and Sherman Jilek of Ports America Gulfport, Inc. and Frank E. Bee-son, Jr. of SSA Gulf, Inc.
 

 The executive officers cited § 933(i) of the LHWCA, which provides as follows:
 

 The right to compensation or benefits under this chapter shall be the exclusive remedy to an employee when he is injured, or to his eligible survivors or legal representatives if he is killed, by the negligence or wrong of any person or persons in the same employ; provided, that this provision shall not affect the liability of a person other than an officer or employee of the employer.
 

 The trial court granted the executive officers’ exceptions of no cause of action in three separate judgments. The effect of the trial court’s judgments is the dismissal from plaintiffs lawsuit of the executive officers who filed the exceptions.
 

 Plaintiff and defendants, Union Carbide Corporation and Montello, Inc., appealed. They argue that the trial court’s granting of the executive officers’ exceptions of no cause of action was erroneous for the same reasons urged in Appeal No. 2009-CA-0464, which involved the dismissal through summary judgment of three of plaintiffs former employers. We agree.
 

 Because of our holding that plaintiffs claims against his employers are not barred by the LHWCA, we likewise hold that his claims against the executive officers of those companies are similarly not barred. We find that the trial court erred in granting exceptions of no cause of action in favor of the executive officers regarding LHWCA tort immunity.
 

 For the reasons stated above, we affirm the trial court judgments in Appeal No. 2009-CA-0073. We reverse the trial court
 
 *407
 
 judgments in Appeal No. 2009-CAJ046410 and 2009-CA-1025, and remand this case for further proceedings not inconsistent with this opinion.
 

 APPEAL NO. 2009-CA-0073 — AFFIRMED;
 

 APPEAL NO. 2009-CA-0464 — REVERSED;
 

 APPEAL NO. 2009-CA-1025 — REVERSED;
 

 CASE REMANDED.
 

 [1]
 

 . Plaintiff alleged that the sole purpose of filing a third party demand against the two South African companies is to have this case removed to federal court.