# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-693

**EDDIE BOURQUE, JR., ET UX.**

**VERSUS**

**ANCO INSULATIONS, INC., ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2008-1525
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy and Michael G. Sullivan, Judges.

**AFFIRMED.**

**Eric Shuman**
**McGlinchey Stafford**
**601 Poydras Street, 12th Floor**
**New Orleans, LA  70130**
**(504) 586-1200**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **Honeywell International, Inc.**

**John J. Hainkel, III**
**Frilot, LLC**
**1100 Poydras Street, Suite 3600**
**New Orleans, LA  70163-3600**
**(504) 599-8000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
        **National Automotive Parts Association**

**Mickey P. Landry**
**Frank Joseph Swarr**
**1010 Common Street, Suite 2050**
**New Orleans, LA  70112**
**(504) 299-1214**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
        **Eddie Bourque, Jr.**
        **Cassie Bourque**

**Jessica M. Dean**
**3232 McKinney Avenue, Suite 610**
**Dallas, TX   75204**
**(214) 276-7680**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Eddie Bourque, Jr.**
    **Cassie Bourque**

**Douglas Richard Elliott**
**Deutsch, Kerrigan & Stiles**
**755 Magazine Street**
**New Orleans, LA   70130**
**(504) 581-5141**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Anco Insulations, Inc.**

**Ernest George Foundas**
**Kuchler, Polk, Schell, et al.**
**1615 Poydras Street, Suite 1300**
**New Orleans, LA   70112**
**(504) 592-0691**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Union Carbide Corporation**

**Patrick D. Roquemore**
**Kean, Miller, et al.**
**Post Office Box 3513**
**Baton Rouge, LA   70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Metropolitan Life Insurance Company**

**Patrick Edelen Costello**
**Mouledoux, Bland, Legrand**
**701 Poydras Street, Suite 4250**
**New Orleans, LA   70139**
**(504) 595-3000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lake Charles Stevedores**

**April Ann McQuillar**
**Simon, Peragine, et al.**
**1000 Poydras Street, 30th Floor**
**New Orleans, LA   70163**
**(504) 569-2030**
**COUNSEL FOR DEFENDANT /APPELLEE:**
    **Bondex International**

**M. Todd Barnett**
**Spears & Gary, LLC**
**One Lakeshore Drive, Suite 900**
**Lake Charles, LA   70629**
**(337) 513-4333**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **Citgo Petroleum Corporation**

**Jonique Hall**
**Kuchler, Polk, Schell, et al.**
**1615 Poydras Street, Suite 1300**
**New Orleans, LA   70112**
**(504) 592-0691**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
 **General Motors**
 **Ford Motor Company**

AMY, Judge.

Former employee and wife brought personal injury action against former employer, alleging occupational exposure to asbestos. Former employer filed a motion for summary judgment, alleging that any remedy the plaintiffs may have is exclusively through the Longshore and Harbor Workers' Compensation Act, which preempts state remedies. The trial court granted the defendant's motion for summary judgment. The plaintiffs appeal. We affirm.

## Factual and Procedural History

The plaintiffs filed suit against various defendants, including Lake Charles Stevedores, Inc. (LCS), the appellee in the present matter, alleging that occupational exposure to asbestos caused his malignant mesothelioma. This alleged exposure occurred during the plaintiff's, Eddie Bourque, Jr.'s, employment period with LCS in the 1950s through the 1970s.

LCS filed a Motion for Summary Judgment asserting that because the plaintiff's only exposure to asbestos while employed with LCS occurred on a vessel situated over water, the plaintiff's exclusive remedy is under the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-944. The trial court granted LCS's summary judgment, finding that the plaintiffs' state claims against LCS were barred by the LHWCA.

The plaintiffs appeal, questioning whether the LHWCA preempts state remedies for a Louisiana longshoreman and also questioning whether a longshoreman's remedies differ depending on whether his injuries occur on the wharf or on a docked vessel.

**Discussion**

*Summary Judgment*

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). Louisiana Code of Civil Procedure Article 966(C)(2) explains the burden of proof, providing:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

The granting of a motion for summary judgment is reviewed *de novo. Austin v. Abney Mills, Inc.*, 01-1598 (La. 9/4/02), 824 So.2d 1137.

*LHWCA*

In 1927, the United States Congress enacted the Longshore and Harbor Workers' Compensation Act out of a "congressional desire for a statute which would provide federal compensation for all injuries to employees on navigable waters[.]" *Calbeck v. Travelers Ins. Co.*, 370 U.S. 114,120, 82 S.Ct. 1196, 1200 (1962). The LHWCA provides:

> Except as otherwise provided in this section, compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel).

2

33 U.S.C. § 903(a). The LHWCA's exclusivity provision is provided in 33 U.S.C. § 905(a) as follows:

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death[.]

The plaintiffs assert that summary judgment was improper in this case because of "the long line of cases in Louisiana that reject LCS' proposed rule of exclusivity based upon the vagaries of exactly where a land-based worker is injured on the job," citing *Logan v. Louisiana Dock Co., Inc.*, 541 So.2d 182 (La.1989); *Beverly v. Action Marine Serv., Inc.*, 433 So.2d 139 (La.1983); *Poche v. Avondale Shipyards Inc.*, 339 So.2d 1212 (La.1976); and, *Richard v. Lake Charles Stevedores, Inc.*, 95 So.2d 830 (La.App. 1 Cir. 1957), *cert. denied*, 355 U.S. 952, 78 S.Ct. 535 (1958). The plaintiffs believe that this case fits into a special context of "twilight cases," or cases with concurrent state and federal jurisdiction. The United States Fifth Circuit Court of Appeals explained "twilight cases" as:

> [t]hat kind of a case in which '* * * employees * * * occupy that shadowy area within which, at some undefined and undefinable point, state laws can validly provide compensation' or to which '* * * the line separating the scope of the two (State and [F]ederal Compensation Acts) being undefined and undefinable with exact precision, marginal employment may, by reason of the particular facts, fall on either side' which led the Court in *Davis v. Department of Labor of Washington*, 317 U.S. 249, 253, 63 S.Ct. 225, 255, 87 L.Ed. 246, 248, 250, 1942 AMC 1653, to add to or detract from the post-Jensen gloss by its now celebrated figure of the twilight zone:
>
> > 'There is, in the light of the cases referred to, clearly a twilight zone in which the employees must have their rights determined case by case, and in which particular facts and circumstances are vital elements. That zone includes persons such as the decedent who are, as a matter of actual administration, in fact protected under the state

> compensation act.' 317 U.S. at page 256, 63 S.Ct. at page
> 229, 87 L.Ed. at page 250.

*Flowers v. Travelers Ins. Co.*, 258 F.2d 220, 222 (5ᵗʰ Cir. 1958), *cert. denied*, 359 U.S. 920, 79 S.Ct. 591 (footnote omitted). However, the defendant argues that the plaintiffs' reference to these "twilight cases" is an attempt to "muddy" the jurisdictional waters. Specifically, the defendant argues that because Mr. Bourque's alleged exposure occurred while he was undisputably on board a vessel situated over water, the LHWCA was automatically triggered as his exclusive remedy.

In the instant case, we are presented with the same issue brought to the Louisiana Supreme Court in *Ellis v. Travelers Ins. Co.*, 129 So.2d 729 (La.1961). The supreme court stated:

> Jurisdiction is the sole issue presented for our determination. Must longshoremen, injured aboard ocean-going vessels, afloat on navigable waters and engaged in interstate commerce, while working in the course of maritime employment, seek redress under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. s 901 et seq.) or under the Louisiana Workmen's Compensation Act (LSA-R.S. 23:1021 et seq.)? Did the injuries suffered by plaintiffs occur in the so-called 'Twilight Zone,', thereby entitling them to select the jurisdiction of their choice?

*Id.* at 730. The *Ellis* court held that the LHWCA was the exclusive remedy for two injured longshoremen who were performing maritime work aboard an ocean-going vessel afloat on navigable waters. The *Ellis* court rejected analyzing its case under the jurisprudential history of "twilight cases" noting, "[w]e have no doubt as to where such injuries occur and see no reason for placing the harmful events in the 'Twilight Zone.'" *Id.* at 739.

In his oral reasons for ruling, the trial court, in this case, stated:

> While I do agree that I believe that there are some factual situations in which concurrent jurisdiction would apply, I also believe that the Plaintiff in this one, specifically based on the questions that

4

were asked, delineated the areas of exposure, and that the Plaintiff was unable to shift the burden to show that a genuine material issue of fact remained to continue, and with regard to the state remedy, I will grant the Motion for Summary Judgment with regard to this issue, noting that the exclusive remedy in this will be under Title 33 under the Longshoreman and Harbor Workers' Compensation Act with regard to that claim.

The record reflects that in a deposition the plaintiff was asked about his employment with the defendant as follows:

> **Q.  Okay.  Let me start off with this general question about Lake Charles Stevedores.  You testified earlier about some alleged exposure concerning some pipe covering the vessel, is that right, when you were with Lake Charles Stevedores?**
>
> A.  In the hole [sic] or on the deck?
>
> **Q.  Okay so that's - - was that - - it was both in the hold and on the deck?**
>
> A.  Yes.
>
> **Q.  Were you ever exposed when a vessel was in dry dock or over land?**
>
> A.  No.

The record does not suggest that the plaintiff offered testimony disputing that the relevant work he did for the defendant was over navigable waters.  In line with the *Ellis* court's reasoning and because there appears no doubt as to where the alleged injury occurred, the plaintiffs recovery is exclusively found in the LHWCA.  *Ellis*, 129 So.2d 729.  The LHWCA specifically applies to Mr. Bourque's work as a longshoreman in reference to compensable injuries occurring on "the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)."  33

U.S.C. § 903(a). The record does not support a finding that the present case maintains concurrent jurisdiction between state and federal remedies; thus, application of state law appears to be precluded in this injury which occurred in a purely maritime setting. *See Davis v. Dep't. of Labor*, 317 U.S. 249, 63 S.Ct. 225 (1942). Similarly, and again because the present case occurred in a purely maritime setting, we reject the plaintiffs' assertion that this court should find in their favor in light of the fourth circuit's decision in *Dibenedetto v. Noble Drilling Co.*, 09-73 (La.App. 4 Cir. 10/21/09), __ So.3d __. That case involved a plaintiff's asbestos exposure which occurred along the New Orleans Riverfront. The fourth circuit relied on the Supreme Court case of *Sun Ship, Inc., v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432 (1980), which found that a state may apply its workers' compensation scheme to land-based injuries that share concurrent jurisdiction with the LHWCA. As explained above, the present case is not one involving a factual situation where concurrent jurisdiction is applicable.

Accordingly, we find that the trial court correctly entered summary judgment in favor of the defendant.

**DECREE**

For the foregoing reasons, the judgment of the trial court granting the defendant's Motion for Summary Judgment is affirmed. All costs of these proceedings are assessed to the plaintiffs and appellants, Eddie Bourque, Jr. and Cassie Bourque.

**AFFIRMED.**

6