GUIDRY, J.
 

 |2Plaintiff, Wendell K. Johnson, appeals a judgment sustaining a peremptory exception raising the objection of prescription and dismissing his suit for damages against the Baton Rouge Police Department and various law enforcement officers. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 On or about November 10, 2006, in the course of being issued a misdemeanor citation, plaintiff was arrested and booked into East Baton Rouge Parish Prison on an outstanding warrant issued by the State of Florida against another man with the same name. Several hours later, after law enforcement officers with the Baton Rouge Police Department, the East Baton Rouge Sheriffs Office, and the Orange County Sheriffs Office in Florida had verified to their satisfaction that plaintiff was not the same person identified in the outstanding Florida warrant, plaintiff was released. Almost a year later, on November 7, 2007, plaintiff filed a petition for damages against the City of Baton Rouge, the Baton Rouge Police Department, and various law enforcement officers under docket number 560,922 in the Nineteenth Judicial District Court.
 

 A request for service on all the named defendants was included with the petition, but the request did not provide addresses for any of the named defendants. A document providing addresses whereby the named defendants could be served was filed with the trial court over eight months later, on June 19, 2008. Thereafter, on September 22, 2008, the trial court signed an order dismissing the petition filed under docket number 560,922 without prejudice. Prior to the dismissal of the first suit, however, plaintiff filed another petition against all of the same defendants, plus the East Baton Rouge Sheriffs Office, on September 17, 2008. All of the named defendants, except the East Baton Rouge Parish Sherriffs Office and Sgt. James Sandridge, peremptorily excepted to the second suit on the basis of | ^prescription.
 
 [1]
 
 Following a hearing on the exception, the trial court sustained the exception and dismissed the plaintiffs second suit with prejudice on March 18, 2009.
 

 It is from this March 18, 2009 judgment that plaintiff appeals, asserting that the trial court erred in ruling pursuant to La. R.S. 13:5107(D), when the parties to the earlier suit jointly and voluntarily moved for dismissal of that suit, and in finding that the second petition did not relate back to the first petition for the purpose of ruling on the peremptory exception urging prescription.
 

 DISCUSSION
 

 Plaintiff alleges that the trial court committed legal error when it applied the provisions of La. R.S. 13:5107(D)
 
 [2]
 
 to de
 
 *811
 
 termine that the filing of the first suit did not interrupt the running of prescription as to the second suit. We find no merit in this allegation because contrary to what the plaintiff states, the trial court expressly acknowledged that the first suit was dismissed at the request of the plaintiff. AsJjthe trial court explained to counsel for the plaintiff, “the second suit stands on its own, because it’s an independent action that you filed, and you dismissed your first action.... It wasn’t an amendment. It wasn’t a request to serve, to reserve.” Thus, the record shows that the trial court did not rely on the provisions of La. R.S. 13:5107(D) to find that the filing of the first suit did not interrupt the running of prescription as to plaintiffs second suit.
 

 Plaintiff also argues that the trial court should have found that the first action interrupted the running of prescription as to the second action based on La. C.C. art. 8462. Louisiana Civil Code article 8462 states, in pertinent part, that “[prescription is interrupted when ... the obligee commences action against the obli-gor, in a court of competent jurisdiction and venue.” However, La. C.C. art. 3463 further provides:
 

 An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue ... continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. [Emphasis added.]
 

 When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La. C.C. art. 9. Plaintiff plainly admits that he voluntarily dismissed the first suit. Consequently, La. C.C. art. 3463 unambiguously provides that any interruption of prescription resulting from the first suit “is considered never to have occurred” as a result of plaintiff having voluntarily dismissed the first suit. Since interruption was deemed never to have occurred, the filing of the second suit, even before the dismissal of the first suit, was untimely as the second suit was filed more than a year after the alleged tortious conduct sued upon occurred.
 
 [3]
 
 Accordingly, the trial court did not err in |5sustaining the peremptory exception on the basis of prescription or in dismissing plaintiffs second suit with prejudice.
 

 CONCLUSION
 

 For the reasons stated herein, we affirm the March 18, 2009 judgment of trial court sustaining the peremptory exception raising the objection of prescription and dis
 
 *812
 
 missing the suit filed by plaintiff on September 17, 2008, with prejudice. All costs of this appeal are cast to the plaintiff, Wendell K. Johnson.
 

 AFFIRMED.
 

 [1]
 

 . An exception raising the objections of lack of procedural capacity, no cause of action, and prescription was filed by the East Baton Rouge Parish Sheriff's Office and Sgt. San-dridge on March 3, 2009, the day after the trial court heard arguments on the objection of prescription urged in the peremptory exception filed by the other defendants. Consequently, the objections raised in the exception filed by the East Baton Rouge Sheriff’s Office and Sgt. Sandridge are not the subject of the March 18, 2009 judgment.
 

 [2]
 

 . Louisiana Revised Statutes 13:5107(D) provides:
 

 (1) In all suits in which the state, a state agency, or political subdivision, or any officer or employee thereof is named as a par
 
 *811
 
 ty, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state, a state agency, or political subdivision or any officer or employee thereof as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
 

 (2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, state agency, or political subdivision, or any officer or employee thereof, who has not been served.
 

 (3) When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the stale, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue. [Emphasis added.]
 

 [3]
 

 .
 
 See
 
 La. C.C. art. 3492.