VICTORY, J.
_JjAt issue in this case is whether plaintiffs’ dismissal with prejudice of a lawsuit filed in federal court after the defendant has made a general appearance of record is a “voluntary dismissal” for purposes of La. C.C. art. 3463, which provides “[ijnter-ruption [of prescription] is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter ...” After reviewing the record and the applicable law, we reverse the judgment of the court of appeal and find that plaintiffs’ lawsuit has prescribed.
FACTS AND PROCEDURAL HISTORY
John and Jo Ann Sims timely filed suit in state court on August 22, 2008 against *3 Dow Chemical Company (“Dow”) and its insurers for intentional tort and against Dow’s executive officers and their insurers for negligence as a result of John’s brain cancer, which plaintiffs alleged was caused by his workplace exposure at Dow (“Sims I”).[1] Dow removed Sims I to federal court, and on August 25, 2009, the federal court dismissed, without prejudice, Dow’s executive officers and their ^insurers, with a reservation of rights, finding that they were fraudulently joined to defeat diversity jurisdiction. On October 1, 2008, John Sims died and Jo Ann Sims and Brent Sims were substituted as plaintiffs in the federal suit. On October 2, 2009, plaintiffs filed this action (“Sims II ”) in state court, asserting wrongful death and survival actions against the same insurer defendants, several executive officers sued in Sims I, and additional executive officers not named in Sims I.[2] On January 22, 2010, while a summary judgment motion was pending against them in federal court, plaintiffs filed a “Stipulation and Notice of Dismissal with Prejudice,” of Sims I, in accordance with Federal Rule of Civil Procedure 41(a)(1).[3] As required by F.R.C.P. 41(a)(1) defendants signed this stipulation.
Subsequently, in Sims II, defendants filed exceptions of res judicata and prescription. Plaintiffs conceded that their wrongful death claim had prescribed as it was filed more than a year after John Sims’ death and there was no wrongful death claim pending at the time Sims II was filed, but argued that prescription on the survival action brought in Sims II was interrupted by the filing of Sims I. The trial court sustained defendants’ exception of prescription and dismissed plaintiffs’ action.[4] In a 8-2 divided opinion, the court of appeal reversed, finding that the dismissal with prejudice was not a “voluntary dismissal” within the meaning of La. C.C. art. 3463. Sims v. American Ins. Co., 11-0059 (La.App. 1 Cir. 12/21/11) |a(unpublished opinion). We granted defendants’ writ application to address whether the court of appeal erred in finding Sims II was not prescribed. Sims v. American Ins. Co., 12-0204 (La.4/20/12), 85 So.3d 1279.
DISCUSSION
Survival actions prescribe one year from the death of the deceased. La. C.C. art. 2315.1. As John Sims died on October 1, 2008, any survival action must have been filed on or prior to October 1, 2009. La. C.C. art. 2315.1. The survival action was filed on October 2, 2009; therefore, unless the one-year prescriptive period was interrupted or suspended, plaintiffs’ suit in *4 Sims II has prescribed. Because plaintiffs’ claims are prescribed on the face of the petition, plaintiff has the burden of proving the claims are not prescribed. Eastin v. Entergy Corp., 03-1030 (La.2/6/04), 865 So.2d 49, 54.
Plaintiffs argue prescription was interrupted in Sims II by the timely filing of Sims I pursuant to La. C.C. art. 3462 which provides that “[prescription is interrupted when ... the obligee commences action against the obligor, in a court of competent jurisdiction.” Under Article 3462, prescription is interrupted as to the causes of action therein sued upon. Guidry v. Theriot, 377 So.2d 319 (La.1979). Further, La. C.C. art. 3463 provides that “[a]n interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending.” However, La. C.C. art. 3463 also provides that “[^Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.”
14According to plaintiffs, prescription was interrupted under La. C.C. art. 3463 for two reasons: (1) at the time Sims II was filed, Sims I was still pending, and (2) a dismissal with prejudice under F.R.C.P. 41 does not constitute a voluntary dismissal under La. C.C. art. 3463.
Plaintiffs rely on Levy v. Stelly, 279 So.2d 203 (La.1973), in support of their argument that if the second suit is filed while the first timely filed suit is still pending, prescription is interrupted even if the first suit is later voluntarily dismissed. The court of appeal in Levy v. Stelly denied the defendant’s exception of prescription where the plaintiff untimely filed a second suit while the first suit, though later dismissed, was still pending, reasoning as follows:
We construe C.C. art. 3519[5] [the predecessor to La. C.C. art. 3463] to apply prospectively to suits filed after a plaintiff abandons, voluntarily dismisses or fails to prosecute his demand. The purpose of the article is to prohibit the plaintiff from voluntarily dismissing his suit on a cause of action and later filing a second suit on the same cause of action. By taking away the benefit of the original interruption, the article prevents the plaintiff from claiming that a new prescriptive period commenced when he dismisses the suit which had previously interrupted prescription. The basic purpose of prescription — to provide legal stability — is thus fulfilled.
But in the case where a second suit is filed prior to abandonment, voluntary dismissal or failure to prosecute the original demand, the interruption provided by the first suit is still viable at the time of the filing of the second suit, and the interruption remains viable after the dismissal because of the pendency of the second suit. In the present case there was never a time after the one year anniversary date of the accident when a suit asserting plaintiffs cause of action against defendants was not pending in some court.
Levy v. Stelly, 277 So.2d 194, 195-96 (La.App. 4 Cir.1973). We denied the defendant’s writ application, stating “[t]he Court of Appeal is correct.” Levy v. Stelly, supra, 279 So.2d 203. In 1993, this Court *5 relied on Levy v. Stelly in a Per Curiam | -,opinion, holding that because plaintiffs’ second suit was filed while plaintiffs’ first suit was still pending, plaintiffs’ second suit was timely even though the first suit was later voluntarily dismissed. Deris v. Lee, 613 So.2d 962 (La.1993).
Subsequent to Levy v. Stelly, this Court decided two other relevant cases, Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878 (La.1982) and Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987), each holding that Article 3463’s provision that “[i]nterruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses or fails to prosecute the suit at the trial,” only applies where the plaintiff voluntarily dismisses the first suit prior to the defendant making a general appearance in the case. Apparently as a consequence of these holdings, La. C.C. art. 3463 was amended in 1999 and now reads: “Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record, or thereafter, or fails to prosecute the suit at the trial.” La. C.C. art. 3463 (emphasis added).
While this Court has addressed La. C.C. art. 3463 since the 1999 amendment, we have not had the opportunity to rule on this particular issue. See Bordelon v. Medical Center of Baton Rouge, 03-0202 (La.10/21/03), 871 So.2d 1075 (prescription and the non-service of citation); Cichirillo v. Avondale Industries, Inc., 04-2894 (La.11/29/05), 917 So.2d 424, 432-33 (whether filing of suit which would be considered premature in Mississippi interrupted prescription for claim in Louisiana); Green v. Auto Club Group Ins. Co., 08-2868 (La.10/28/09), 24 So.3d 182, 186 (Art. 3463 cited by Johnson, J., concurring); Taranto v. Louisiana Citizens Property Ins. Corp., 10-105 (La.3/15/11), 62 So.3d 721, 727(filing of lawsuit designated as a class action against insurer suspended prescription until the trial court | Bruled on the motion to certify class); and Glasgow v. PAR Minerals Corp., 10-2011 (La.5/10/11), 70 So.3d 765, 773 (Art. 3463 cited by Guidry, J., dissenting).
Defendants claim that the addition of the language “at any time” means that it is immaterial whether the first case is voluntarily dismissed before or after the second suit is filed. Plaintiffs claim that the full phrase “at any time either before the defendant has made any appearance of record or thereafter” was inserted only in response to the Court’s previous holding in Hebert v. Coumoyer, supra, and means that it is immaterial whether the first suit is voluntarily dismissed before or after the defendant has made a general appearance. According to plaintiffs, the holding of Levy v. Stelly is still good law in spite of the 1999 amendment. Supporting this argument is La. C.C. art. 3463, Revision Comment-1982 (f), which provides:
Issues of interruption of prescription are determined as of the time of filing of the suit sought to be dismissed, not as of the time of filing the exception based upon prescription. Article 3519 of the Louisiana Civil Code of 1870 has been held to apply prospectively to suits filed after a plaintiff abandons, voluntarily dismisses, or fails to prosecute his demand. Levy v. Stelly, 277 So.2d 194 (La.App. 4 Cir.1973).
However, this comment is not dispositive of the issue at hand, as the comment refers to the 1982 Revisions, which enacted 3463 in place of 3519. Moreover, comments to Civil Code articles do not constitute law. Terrebonne Parish School Bd. v. Castex Energy, Inc., 04-968 (La.1/19/05), 893 So.2d 789, 797.
*6 Further, plaintiffs contend that Levy v. Stelly must be good law because a case cannot be retroactively prescribed, i.e., if it is timely when filed it cannot become untimely based upon some later event. However, that is simply not the case. For example, while prescription is interrupted by suit against one solidary obligor or joint tortfeasor as to the other solidary obligors and joint tortfeasors not timely sued, La. C.C. arts. 1799, 3503, and 2324 C, where the timely sued defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants will then |7be dismissed, because no joint or solidary obligation would exist. Renfroe v. State ex rel. Dept. of Transp. and Development, 01-1646 (La.2/26/02), 809 So.2d 947, 950; Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).
In our interpretation of La. C.C. art. 3463, we apply the general rules of statutory interpretation which provide that when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. C.C. art. 9; Pumphrey v. City of New Orleans, 05-979 (La.4/4/06), 925 So.2d 1202, 1209; Hebert v. Rapides Parish Police Jury, 06-2001 (La.4/11/07), 974 So.2d 635, 651. This statute could not be clearer: “Interruption of prescription is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, ...” Because interruption is considered never to have occurred, that means the second suit was never interrupted, and it does not matter when the second suit was filed. This holding is in line with two recent cases from the First Circuit, both of which held that prescription was not interrupted where the second suit was filed when the first, but later dismissed, suit was still pending. Johnson v. City of Baton Rouge ex rel. Baton Rouge Police Dept., 09-1112 (La.App. 1 Cir. 12/23/09), 30 So.3d 809; Williams v. Shaw Group, Inc., 09-0301 (La.App. 1 Cir. 9/11/09), 21 So.3d 992; but see e.g., Baham v. Medical Center of Louisiana at New Orleans, 00-2022 (La.App. 4 Cir. 7/11/01), 792 So.2d 85. Judge Guidry, who dissented in this case, authored the opinion in Johnson and reasoned:
La. C.C. art. 3463 unambiguously provides that any interruption of prescription resulting from the first suit “is considered never to have occurred” as a result of plaintiff having voluntarily dismissed the first suit. Since interruption was deemed never to have occurred, the filing of the second suit, even before the dismissal of the first suit, was |suntimely as the second suit was filed more than a year after the alleged tortious conduct sued upon occurrence.
Johnson, supra at 881. We agree. Because interruption is considered never to have occurred if the plaintiff voluntarily dismisses the first suit, it does not matter whether this is done before or after the second suit is filed, and this interpretation is reinforced by the addition of the “at any time” language in 1999. If La. C.C. art. 3463 were to apply only to suits filed after the first suit was voluntarily dismissed, the statute would not say “interruption is considered never to have occurred,” it would just say that the interruption ends when plaintiff voluntarily dismisses the suit.
Having reached the first issue, we now consider whether a voluntary dismissal under F.R.C.P. 41 is the type of dismissal which will cause any interruption of prescription to have never occurred under La. C.C. art. 3463. Rule 41, entitled “Dismissal of Actions,” provides:
(a) Voluntary Dismissal
*7 (1) By the Plaintiff.
(A) Without a Court Order. Subject to Rules 23(e), 23.1(C), 23.2 and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
The court of appeal concluded that because such a stipulation of dismissal with prejudice constitutes a final judgment on the merits, it does not constitute a “voluntary dismissal” within the meaning of La. C.C. art. 3463. Sims v. The American Insurance Company, supra at p. 10. In so ruling, the appellate court relied on a prior First Circuit case holding that a voluntary dismissal pursuant to a | ¡¡settlement agreement does not constitute a voluntary dismissal under La. C.C. art. 3463 because it has the effect of a final judgment on the merits. Id. at pp. 9-10 (citing Pierce v. Foster Wheeler Constructors, Inc., 04-333 (La.App. 1 Cir. 2/16/05), 906 So.2d 605, 610, writ denied, 05-567 (La.4/29/05), 911 So.2d 1071).
However, unlike in Pierce, there is no dispute that this dismissal was not the result of any settlement agreement. Second, there is no provision under Louisiana law wherein a dismissal with prejudice cannot be considered a voluntary dismissal. La. C.C.P. art. 1671 includes within its definition of a “voluntary dismissal” both those with and without prejudice:
Art. 1671. Voluntary dismissal
 A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.
The only relevance that can be placed on a dismissal being with prejudice, as opposed to without prejudice, is that a dismissal with prejudice has “the effect of a final judgment of absolute dismissal after trial,” and therefore, has res judicata effect on the parties to the suit dismissed with prejudice. La. C.C. P. art. 1673. For that reason, our entire discussion regarding the proper interpretation of La. C.C. art. 3463 and whether this dismissal can be considered “voluntary” under La. C.C. art. 3463 is largely academic, at least with respect to the parties sued in Sims I and subsequently dismissed with prejudice, because res judicata bars the plaintiffs from suing them again in Sims II in any event. However, as stated earlier, this is before us on the prescription issue, not the res judicata issue. In addition, the mere fact that the defendant was required to sign the stipulation of dismissal under F.R.C.P. 41(a)(l)(A)(ii) does not make the plaintiffs’ dismissal “involuntary.” Defendant’s |insignature was merely required because defendant had made an appearance in the suit.
To the extent plaintiffs reserved any rights in dismissing Sims I, the Stipulation of Dismissal clearly dismissed “this action only, with prejudice reserving all rights as to persons not made a party to this action with all parties to bear their own costs.” There were only a few new parties in Sims II, namely executive officers Achord, Bourg, Cox, and McNabb. While plaintiffs argue that the dismissal in Sims I related only to the employer and the insurers in their capacity as Dow’s insurers, this is belied by the face of the pleadings in Sims I. Plaintiffs argue that “the reality is that the only action left in Federal Court at *8 that time was an intentional tort action against the employer Dow.” While that may be true, the executive officers and their insurers were “made a party to this action,” even though they were later found to be improperly joined.
Finally, as prescription was not interrupted as to the executive officers and their insurers sued in Sims I, it is likewise not interrupted as to the executive officers not sued in Sims I, because any interruption of prescription as a result of the suit in Sims I is considered never to have occurred. Therefore, there is no need to address these executive officers’ alternative argument that they are not solidarily liable with the defendants timely sued because those defendants were dismissed with prejudice and therefore not liable at all.
CONCLUSION
La. C.C. art. 3463’s provision that “[interruption is considered never to have occurred if the plaintiff ... voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, ...,” means that if the plaintiff voluntarily dismisses the suit upon which interruption of prescription of a second suit is based, that interruption is considered never to have occurred, regardless | uof whether the first suit is still pending at the time the second suit is filed. Further, the voluntary dismissal in federal court in this case under F.R.C.P. 41 is a voluntary dismissal under the provisions of La. C.C. art. 3463. The wrongful death and survival lawsuit was not timely filed in state court within one year of Mr. Sims’ death. The earlier suit, filed in state court and removed to federal court, cannot interrupt prescription because that suit was voluntarily dismissed.
DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed and the trial court’s judgment dismissing plaintiffs’ suit is reinstated.
REVERSED; TRIAL COURT JUDGMENT REINSTATED.
JOHNSON, J., dissents and assigns reasons.

. The following were joined as defendants in Sims I: Dow, The American Insurance Company, Associated Indemnity Corporation, The Home Insurance Company, Travelers Casualty and Surety Company, Larry D. Adcock, Mortimer Currier, Gerard W. Daigre, Charlie Melancon, and Theophile Rozas.

. The following are defendants in Sims II: The American Insurance Company, Associated Indemnity Company, The Home Insurance Company, Traveler's Casualty and Surety Company F/K/A The Aetna Casualty and Surety Company, Jan B. Achord, Wilmer G. Bal-lentine, Henry Bell, Arthur J. Bourg, Joe Bristol, Marvin Monroe Cox, Mortimer Currier, James E. Campbell, Gerard W. Daigre, Malcolm McNabb, Charlie Melancon, and Theo-phile Rozas.

. The Stipulation of Dismissal stated that it dismissed "this action only, with prejudice reserving all rights as to persons not made a party to this action with all parties to bear their own costs.” It further stated “The phrase this action only refers to the claims against the defendants in the capacity presently occupied in the action pending before this Court.”

. Having dismissed the action on the basis of prescription, the trial court determined that the res judicata exception was moot.

. La. C.C. art. 3519 provided “[i]f the plaintiff in this case, after having made his demand, abandons, voluntary dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.”