HANS J. LILJEBERG, Judge.
17Plamtiff-Appellant, Harold Bowie, appeals the trial court’s decision to grant the motion for summary' judgment filed by defendants-appelle'és[1] which dismissed all of his claims with ’prejudice, rather than grant plaintiffs voluntary motion to ■ dismiss his wrongful death cause of action with prejudice..- Plaintiff does not contest the merits of the trial court’s decision to grant summary judgment. Rather, he contends the tria! court had no discretion to refuse to grant,his competing motion-to dismiss with prejudice. Therefore, plaintiff requests that this Court vacate the trial court’s judgment granting defendants’ motion for summary judgment and remand, this matter with instructions -to the trial court to grant plaintiffs motion to dismiss with prejudice. For the following reasons, we affirnj the trial court’s judgment.

Jj¿FACTS AND PROCEDURAL HISTORY

On March 16, 2009, seventy plaintiffs filed a Petition for Wrongful Death and Survival Action seeking to recover damages resulting from their deceased relatives’ exposure-to naturally occurring radioactive material (“NORM”), and other hazardous, toxic, and carcinogenic radioactive materials, which accumulated on the inside of pipes used in oil production. The original petition alleged both survival and wrongful death causes of action, as well as claims for exemplary damages.[2] Mr. Bow *204 ie filed this suit because his brother, Clarence Bowie, died due to metastasized liver cancer, allegedly due to exposure to NORM and other hazardous substances. On September 1, 2010, plaintiffs filed a Second Supplemental and Amending Petition for Wrongful Death, which struck all causes of action for property damages, survival claims, and medical monitoring set forth in the original petition.[3]
On October 21, 2014, the trial court issued an order establishing pretrial -deadlines and setting trial on plaintiffs claims for May 4, 2015. Defendants contend plaintiff failed to comply with the deadline to produce written expert reports. Consequently, they filed a summary judgment motion claiming plaintiff could not prove essential elements of his claims at trial due to the lack of expert testimony and requested dismissal of all of plaintiffs claims against them with prejudice.
The trial court set the summary judgment motion for hearing on January 22, 2015. On January 13, 2015, plaintiff filed a motion to dismiss with prejudice, which contained the following language in the motion: “[pjlaintiff seeks to dismiss |flonly the limited wrongful death cause of action asserted herein and asks that it be dismissed with prejudice with each party to bear its own costs.” The proposed order of dismissal stated:
IT IS HEREBY ORDERED that the Motion to Dismiss with Prejudice filed by Plaintiff, Harold Bowie, in the above captioned matter is GRANTED and the wrongful death cause of action asserted in the captioned matter be dismissed with prejudice with all parties to bear their own costs.
Plaintiff contends he filed the motion to dismiss because the wrongful death eause of action was the only claim left in the present matter, and he decided it was best to proceed only with the survival action pending in litigation filed in Civil District Court in Orleans Parish, entitled “Warren Lester, et al v. Exxon Mobil Corporation, et al,” No. 2002-19657.
The following day on January 14, 2015, defendants filed an opposition to the motion to dismiss and the trial court set plaintiffs motion for hearing along with defendants’ motion for summary judgment. At the hearing, defendants argued plaintiffs motion to dismiss sought something less than a full and complete dismissal with prejudice because plaintiff was attempting to limit the effect of the dismissal with prejudice to plaintiffs wrongful death cause of action. During oral argument, the trial court declared he was taking plaintiffs motion to dismiss under advisement. However, later in the hearing, the trial court granted defendants’ motion for summary judgment which served to dismiss all of plaintiffs claims against them with prejudice. Therefore, by granting defendants’ summary judgment motion, the trial court effectively denied plaintiffs motion to dismiss with prejudice, or at the very least, rendered it moot.
On January 31, 2015, the trial court entered a written judgment granting defendants’ summary judgment motion and dismissing all of plaintiffs claims against defendants with prejudice at plaintiffs costs. In the judgment, the trial | incourt *205 noted that plaintiffs motion to dismiss could not serve as a basis to avoid summary judgment because it was not an unqualified motion to dismiss with prejudice.
The trial court also issued Reasons for Judgment on February 19, 2015, which further explained the trial court denied the motion to dismiss because it sought to limit the res judicata effect of the dismissal and was not a true, unqualified dismissal with prejudice:
Louisiana C.C.P. art. 1671 • provides, “A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.” Article 1673 states that “[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” In Sims v. American Ins. Co., 101 So.3d 1 (La.2012), the Louisiana Supreme Court stated that the only relevance of a dismissal with prejudice, as opposed to without prejudice, is that a dismissal with prejudice has res judicata effect on the parties to the suit dismissed with prejudice. Id. at 7. Further, in order for the doctrine of res judicata to apply to a judgment of dismissal with prejudice, there is no requirement that the claims at issue be actually litigated in the case dismissed with prejudice. Classen v. Hofmann, 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76, 81. See also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir.1994) (The rule is that res judicata “bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated.” (quoting Matter of Howe, 9136(sic) F.2d 1138, 1144 (5th Cir.1990)). Once a final judgment of 'dismissal with prejudice is issued, the parties are precluded from relitigating matters that were or could have been raised in the first action under the claim preclusion precept of res judicata. Classen, 947 So.2d at 81.
In the instant case, Plaintiff has not moved for a true dismissal with prejudice. Rather, Plaintiff seeks to dismiss with prejudice “only the limited wrongful death cause of action” claimed to be asserted in this matter. By seeking, to limit the dismissal with prejudice to a single cause of action. Plaintiff is im-permissibly attempting. to remove the .res judicata, effect of a dismissal with prejudice. As explained above, a judgment of dismissal with prejudice precludes the parties from relitigating matters that could have been raised in the first action, regardless of whether these matters were actually litigated. At a hearing on this matter, Plaintiffs counsel argued that the limited Indismissal with prejudice should be granted because the only causes of action before this Court in this case are wrongful death causes of action. Even if Plaintiff is correct in the assertion that only wrongful death causes of action are presented at hhis time, a dismissal with prejudice would preclude from further litigation any remaining issues that could have been raised in this matter. Because the motion to dismiss with prejudice filed by Plaintiff seeks to limit the res judicata effect of a judgment granting the motion, the Court will deny the motion. [Footnote omitted.][4]
*206 This appeal followed.

LAW AND DISCUSSION

• We first address defendants’ argument that this appeal is moot because plaintiff fails to articulate any practical benefit he will gain from vacating the January 21, 2015 Judgment, and instead granting his motion to dismiss. Defendants contend if this Court grants plaintiff the relief he requests on appeal, the result will be the same as the dismissal with prejudice' ’granted in the January 21, 2015 Judgment. However, later in their brief, defendants contend the language in plaintiffs proposed order of dismissal seeks to limit the prejudicial effect of the dismissal to the wrongful death cause of action. Defendants further contend this language converts plaintiffs motion to a request to dismiss without prejudice.
Based on the limited nature of the record before this Court, it is impossible and would be inappropriate for this Court to render a decision-as to whether the proposed order of dismissal plaintiff presented with his motion to dismiss would have the same res judicata effect as the January 31, 2015 Judgment which | ^dismissed all of plaintiffs claims against defendants. Therefore, this Court will not dismiss this appeal as moot.
Turning to the assignment of error before this'Court, we first note that plaintiff does not address the merits of the trial court’s decision to grant defendants’ motion for summary judgment. Rather, plaintiff argues the trial court did not have discretion to refuse to grant his motion to dismiss with prejudice. Consequently, plaintiff contends it should not have entertained defendants’ motion for summary judgment.
To support his position, plaintiff cites to the First Circuit Court of Appeal’s decision in Vardaman v. Baker Center, Inc., 96-0831 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, which held a trial court has no authority or discretion to refuse to grant a plaintiffs' motion to dismiss with prejudice:
Because a plaintiff has the right to institute an action against a defendant in the first instance, such a plaintiff has the corresponding right to dismiss the action with prejudice if he or she so chooses. Therefore, we conclude the trial court had no authority or discretion to refuse to grant a judgment of dismissal with prejudice upon application by the plaintiffs for a dismissal of the action against Velsicol with prejudice.
Id. at 670.
La. C.C.P. art. 1673 provides a dismissal with prejudice has the same effect as a final judgment of dismissal after trial. Therefore, a true dismissal with prejudice results in the application of the doctrine of res judicata. See Sims v. Am. Ins. Co., 12-0204 (La.10/16/12), 101 So.3d *207 1, 7. Pursuant to La. R.g. 13:4231(2), a judgment of dismissal with prejudice extinguishes all causes of action existing at the time of the final judgment arising from the same transaction or occurrence that is the subject matter of the litigation and bars subsequent litigation on those causes of action. See Millet v. Crump, 97-562 (La.App. 5 Cir. 11/25/97), 704 So.2d 305, 306-07, writ denied, 97-3207 (La.2/20/98), 709 So.2d 782. On the other hand, La. C.C.P. art. 1673 provides a dismissal without prejudice does not bar subsequent litigation oh the existing causes of action.
A trial judge is granted wide discretion when deciding whether to grant a dismissal without prejudice after the defendant has appeared, and his determination will not be set aside absent a clear abuse of that discretion. Martinez v. Dow Chem. Co., 97-289 (La.App. 5 Cir. 9/30/97), 700 So.2d 1096. Therefore, the issue before this Court is whether the trial court correctly determined that plaintiffs motion to dismiss did not seek a true dismissal with prejudice, thereby allowing the trial court to retain discretion to refuse to grant his motion.
Plaintiffs motion to dismiss sought to limit the dismissal language to his wrongful death cause of action. As explained above, the doctrine of res judicata extinguishes all existing causes of action arising out of the same transaction or occurrence. Because plaintiff asked the trial court to limit his dismissal with prejudice to his wrongful death cause of action, we find the trial court did not err by finding that plaintiff was potentially attempting to preserve other existing causes of action and avoid the complete res judicata,effect of a dismissal with prejudice.[5] Therefore, we find the trial court retained discretion to refuse to grant plaintiffs motion to dismiss and did not abuse its broad discretion by refusing to do so.
This Court does not opine on the actual effect of the dismissal with prejudice on .plaintiffs pending claims in the Lester litigation or any other proceedings. The full facts and circumstances which led plaintiff to file multiple actions are not before this Court. Rather, the purpose of addressing, these issues, is .merely to |uestablish that a party’s request to voluntarily dismiss a matter with prejudice must be unqualified-and allow for the complete application of the doctrine of res judicata in order to eliminate a court’s discretion and authority to deny a motion to dismiss. A proposed order of dismissal which seeks to potentially limit the application of the doctrine of res judicata is not a request for complete dismissal with prejudice, but rather an attempt to obtain a partial dismissal without prejudice.

DECREE

Based on the foregoing, we find the trial court did not err or abuse its discretion by granting defendants’ motion for summary judgment and dismissing plaintiffs claims against them with prejudice,- rather than granting plaintiffs motion to dismiss which attempted to limit .the scope of. the dismiss *208 al with prejudice to his wrongful death cause of action,

AFFIRMED

. Defendant-Appellees indude Exxon Mobil Corporation, Exxon Mobil Oil Corporation, Humble Incorporated, ConocoPhillips Company, Chevron U.S.A., Inc., Texaco, Inc., Union Oil Company of California, American Oil Company, BP Exploration & Production, Inc., Marathon Oil Company, Shell Oil Company, Shell Offshore, Inc., and SWEPI LP.

. In his appellate brief, plaintiff explains that a mass tort case was originally filed in Civil District Court in Orleans Parish, entitled "Warren Lester, et al v. Exxon Mobil *204 Corporation, et al,” No. 2002-19657. He further explains that the Lester court decided the lawsuit pending before it did not include wrongful death causes of action. Therefore, plaintiff contends he and the other plaintiffs filed the present matter to avoid prescription of their wrongful death claims.

. Plaintiff contends the trial court ordered them to strike their claims for survival damages.

. We note that the trial court did not enter a separate judgment formally denying plaintiffs *206 motion to dismiss. La. C.C.P. art 1914(B) requires a trial court to reduce a ruling on an interlocutory matter to writing when the court takes the matter under advisement. We recently dismissed an appeal in this same litigation and remanded the matter to the trial court ,to enter written judgments on motions to dismiss after the trial court took the motions under advisement and issued reasons for judgment, but failed to enter accompanying written judgments denying the motions to dismiss. See Bailey v. Exxon Mobil Corp., 15-377 (La.App. 5 Cir. 7/29/15), 171 So.3d 1261, 1265. It is not necessary to remand the present matter for entry of a written judgment on the motion to dismiss because we find the trial court did not take plaintiffs motion to dismiss under advisement. As explained above, when the trial court granted defendants’ motion for summary judgment and dismissed plaintiff’s claims against them with prejudice, the trial court effectively denied plaintiff’s motion to dismiss, or at the very least rendered it moot, because the claims plaintiff sought to dismiss against defendants no longer were pending.

. In .a related decision rendered by this Court today in Bailey v. Exxon Mobil Corp., 15-225 (La.App. 5 Cir. 12/23/15), 184 So.3d 191, we held that a similar motion to dismiss with prejudice, which sought to reserve the plaintiffs’ rights to pursue the related Lester litigation, was not a true dismissal with prejudice. The record indicates plaintiff in the present matter amended the language in his proposed order of .dismissal to avoid a similar fate. However, he was not successful because simply removing the reservation language and replacing it with language seeking to limit the effect of dismissal- with prejudice to the ■ wrongful death cause of action does not convert his motipn into a request for a true dismissal with prejudice.