HANS J. LILJEBERG,-Judge.
17PIaintiffs-Appellants, Betty Arcement, Virginia DiMarco, Mary Bradley Doris, Porter Edwards, Jr., Joan Haas Folse, Wynesta Gaston, Shirley Jackson, Hayes J. Lepine, Carla Simmons, Kieron Walker and Carol Walters, appeal the trial court’s judgments which- denied their voluntary motions to dismiss their wrongful death causes of action with prejudice, and instead granted a motion for summary judgment and dismissed their claims with prejudice against defendants-appellees, Exxon Mobil Corporation; Exxon Mobil Oil Corporation, Humble Incorporated, Conoco-Phillips Company, Chevron U.S.A., Inc., Texaco, Inc., Union Oil Company of California, American Oil Company, BP Exploration & Production, Inc., Marathon Oil Company, Shell Oil Company, Shell Offshore, Inc., and SWÉPI LP. For the following reasons, we affirm the trial court’s judgments.[1]

J^FACTS AND PROCEDURAL HISTORY

On March 16, 2009, seventy plaintiffs filed a Petition for Wrongful Death and Survival Action seeking to recover damages resulting from their deceased relatives' alleged exposure to naturally occurring radioactive material (“NORM”), and other hazardous, toxic, and carcinogenic radioactive materials, which accumulated on the inside of pipes used in oil production. The original petition alleged both survival and wrongful death causes of action. On September 1,2010, plaintiffs filed a Second Supplemental and Amending Petition for Wrongful Death, which struck all causes of action for property damages, survival claims and medical monitoring set forth in the original petition. Plaintiffs contend the trial court ordered them to strike the survival claims because they were pending in a related case previously filed in Civil District Court in Orleans Parish, entitled “Warren Lester, et al v. Exxon Mobil Corporation, et al,” No. 2002-19657.
In December 2013, defendants served discovery requests on plaintiffs, which included requests for admission asking plaintiffs to admit they had no evidence to prove a causal link between the decedents’ alleged exposure' to NORM and their deaths. Plaintiffs did not respond to these requests and defendants filed a -motion to compel. According to- the record, the trial court1 did not hold a formal hearing on the motion to compel, but held a telephone status conference during which plaintiffs’ counsel agreed to provide responses to the requests' for admission by January 10, 2014.
Plaintiffs failed to .provide the responses as agreed and the trial court issued an order on June 18, 2014, requiring plaintiffs *212 to respond to the requests for admission by June 20, 2014. Defendants contend plaintiffs did not provide the discovery responses as ordered and therefore, on February 12, 2015, they fled a |9summary judgment motion seeking the dismissal of plaintiffs’ claims with prejudice.
The trial court set the summary judgment motion for hearing on March 13, 2015. On March 5, 2015, plaintiffs filed motions to dismiss with prejudice which each contained the following language in the motion: “[pjlaintiff seeks to dismiss the wrongful death cause of action asserted herein and asks that it be dismissed with prejudice, each party to bear its own costs.” The proposed orders of dismissal attached to the motions contained the following language and differed only with respect to the plaintiffs’ names:
IT IS HEREBY ORDERED that the Motion to Dismiss with Prejudice filed by Plaintiff, Betty Arcement, on behalf of decedent, Julian J. Arcement, Jr., in the above captioned matter is GRANTED and the wrongful death cause of action asserted in the captioned matter is dismissed with prejudice with all parties to bear their own costs.
Plaintiffs contend they filed the motions to dismiss because they do not want to pursue the wrongful death causes of action, which are the only claims left in the present matter. Rather, they intend to only pursue the survival actions pending in the Lester litigation. Plaintiffs also filed oppositions to the summary judgment motion, which did not address the merits of defendants’ arguments, but instead argued their voluntary motions to dismiss with prejudice rendered defendants’ summary judgment motion moot.
On March 6, 2015, the trial court denied plaintiffs’ motions to dismiss with prejudice without hearing and directed the parties to “[s]ee reasons previously filed.” The trial court had previously refused to grant a similar motion to dismiss filed by plaintiff, Harold Bowie, in the captioned litigation, and on February 19, 2014, the trial court issued the following reasons explaining that it denied his motion because it did not request a true, unqualified dismissal with prejudice:
11flLouisiana C.C.P. art. 1671 provides, “A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice.” Article 1673 states that “[a] judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial.” In Sims v. American Ins. Co., 101 So.3d 1 (La.2012), the Louisiana Supreme Court stated that the only relevance of a dismissal with prejudice, as opposed to without prejudice, is that a dismissal with prejudice has res judicata effect on the parties to the suit dismissed with prejudice. Id. at 7. Further, in order for the doctrine of res judicata to apply to a judgment of dismissal with prejudice, there is no requirement that the claims at issue be actudlly litigated in the case dismissed with prejudice. Classen v. Hofmann, 06-560 (La.App. 5 Cir. 11/28/06), 947 So.2d 76, 81. See also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc., 37 F.3d 193, 195 (5th Cir.1994) (The rule is that res judicata “bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication, ... not merely those that were adjudicated.” (quoting Matter of Howe, 9136(sic) F.2d 1138, 1144 (5th Cir.1990)). *213 Once a final judgment of dismissal with prejudice is issued, the parties are precluded from relitigating matters that were or could have been raised in the first action under the claim preclusion precept of res judicata. Classen, 947 So.2d at 81.
In the instant case, Plaintiff has not moved for a true dismissal with prejudice. Rather, Plaintiff seeks to dismiss with prejudice “only the limited wrongful death cause of action” claimed to be asserted in this matter. By seeking to limit the dismissal with prejudice to a single cause of action, Plaintiff is imper-missibly attempting to remove the res judicata effect of a dismissal with prejudice. As explained above, a judgment of dismissal with prejudice precludes the parties from relitigating matters that could have been raised in the first action, regardless of whether these matters were actually litigated. At a hearing on this matter, Plaintiffs counsel argued that the limited dismissal with prejudice should be granted because the only causes- of action before this Court in this case are wrongful death causes of action. Even if Plaintiff is correct in the assertion that only wrongful death causes of action are presented at this time, a dismissal with prejudice would preclude from further litigation any remaining issues that could have been raised in this matter. Because the motion to dismiss with prejudice filed by Plaintiff seeks to limit the res judicata effect of a judgment granting the motion, the Court will deny the motion. [Footnote omitted.] [2]
InOn March .13, 2015, the' trial court heard and granted defendants’ summary judgment motion, and- on April 10, 2015, the trial court signed a written judgment dismissing all of plaintiffs’- claims against defendants with prejudice, at plaintiffs’ costs. This appeal followed.

LAW AND DISCUSSION

We first address defendants’ argument that this appeal is moot because plaintiffs fail to articulate any practical benefit they will gain from vacating the April 10, 2015 Judgment, and instead granting their motions to dismiss. Defendants contend if this Court grants plaintiffs the relief they request on appeal, the result will be the Same as the dismissal with prejudice granted in the April 10, 2015 Judgment. However, defendants previously argued in this litigation that the language in plaintiffs’ proposed orders of dismissal sought to limit the prejudicial effect of the dismissal to the wrongful death causes of action. Defendants further argued this language converted plaintiffs’ motions to a request to dismiss without prejudice.
Based on the limited nature of the record before this Court, it is impossible and would be inappropriate for this Court to render a decision as to whether the proposed orders of dismissal which plaintiffs presented with their motions to dismiss would have the same res judicata effect as *214 the April 10, 2015 Judgment which dismissed all of plaintiffs’ claims against defendants. Therefore, this Court will not dismiss this appeal as moot.
Turning to the assignment of error before this- Court, we first note that plaintiffs do not address the merits of the trial court’s decision to-grant defendants’ motion for summary -judgment. Rather, plaintiffs argue the trial court did not have | ^discretion to deny their motions to dismiss with prejudice. Consequently, plaintiffs contend the trial court should not have entertained defendants’ motion for summary judgment.
To support their position, plaintiffs cite to the First Circuit Court of Appeal’s decision in Vardaman v. Baker Center, Inc., 96-0831 (La.App. 1 Cir. 2/14/97), 689 So.2d 667, which held a trial court has no authority or discretion to refuse to grant a plaintiffs motion to dismiss with prejudice:
Because a plaintiff has the right to institute an action against a .defendant in the first instance, such a plaintiff has the corresponding right to dismiss the action with prejudice if he or she so chooses. Therefore, we conclude the trial court had no authority or discretion to refuse to grant a judgment of dismissal with prejudice upon application by the plaintiffs for á dismissal of the action against Velsicol with prejudice.
Id. at 670.
La. C.C.P. art. 1673 provides a dismissal with prejudice has the same effect as a final judgment of dismissal after trial. Therefore, a true dismissal with prejudice results in the application of the doctrine of res judicata. See Sims v. Am. Ins. Co., 12-0204 (La.10/16/12), 101 So.3d 1, 7. Pursuant to La. R.S. 13:4231(2), a judgment of dismissal with prejudice extinguishes. all causes of action existing at the time of the final judgment arising from the same transaction or occurrence, that is the subject matter of the litigation and bars subsequent litigation on those causes of action. See Millet v. Crump, 97-562 (La.App. 5 Cir. 11/25/97), 704 So.2d 305, 306-07, writ denied, 97-3207 (La.2/20/98), 709 So.2d 782. On the other hand, La. C.C.P. art. 1673 provides a dismissal without prejudice does not bar subsequent litigation on the existing causes of .action.
A trial judge is granted wide 'discretion when deciding whether to grant a dismissal without prejudice after the defendant has appeared, and his determination will not be set aside absent a clear abuse of that discretion. Martinez v. Dow Chem. Co., 97-289 (La.App. 5 Cir. 9/30/97), 700 So.2d 1096. Therefore, the issue before this Court is whether the trial court correctly determined that plaintiffs’ motions to dismiss did not seek a true dismissal with prejudice, thereby allowing the trial court to retain discretion to deny then' motions.
The proposed orders request dismissal with prejudice of the wrongful death cause of action. As explained above, the doctrine. of res judicata .extinguishes all existing causes of action arising out of the same transaction or occurrence. Considering the history and evolution of the various motions to dismiss with-prejudice filed by plaintiffs in these proceedings, we find the trial court did not err by finding plaintiffs potentially were attempting to preserve other existing causes of action and avoid the complete res judicata effect of a dismissal with prejudice. The elimination of the limiting language in plaintiffs’ motions to dismiss did not change the potential effect of proposed orders of dismissal, which attempted to limit dismissal with prejudice to the wrongful death causes of action. Therefore, we find the trial court retained discretion to determine whether to deny plaintiffs’ motions to dismiss and *215 did not abuse its broad discretion by denying the motions.
This Court does not opine on the actual effect of the dismissal with prejudice on plaintiffs’ pending claims in the Lester litigation or any other proceedings. The full facts and circumstances which led plaintiffs to file multiple actions are not before this Court. Rather, the purpose of addressing these issues is merely to establish that a party’s request to voluntarily dismiss a matter with prejudice must be unqualified and allow for the complete application of the doctrine of res judicata in order to eliminate a court’s discretion and authority to deny a motion to dismiss. A proposed order of dismissal which seeks to potentially limit the application of the doctrine of res judicata is not a request for complete dismissal with prejudice, but rather an attempt to obtain a partial dismissal without prejudice.

\UDECREE

Based on the foregoing, we find the trial court did not err or abuse' its discretion by granting defendants’ motion for summary judgment and dismissing plaintiffs’ claims against them with prejudice, rather "than granting plaintiffs’ motions to dismiss which attempted to limit the scope of the dismissal with prejudice to their wrongful death causes of action.

AFFIRMED

. In their appellate brief, plaintiffs notify this Court that plaintiff, Wynesta Gaston, did not file a voluntary motion to.dismiss with prejudice. Therefore, her appeal is dismissed as moot since the entire basis for this appeal is that the trial court should have granted plaintiffs' -motions to dismiss instead of the summary judgment motion.

. In a related decision rendered by this Court today in Bailey v. Exxon Mobil Corp., 15-313 (La.App. 5 Cir. 12/23/15), 184 So.3d 200, we held plaintiff Harold Bowie's motion to dismiss, which sought to limit dismissal with prejudice to his wrongful death cause of action, was not a true dismissal with prejudice. The only difference between Mr. Bowie’s motion to dismiss and the motions to dismiss in the present matter is Mr. Bowie’s motion stated he sought to dismiss “only the limited wrongful death cause of action,” whereas the plaintiffs’ motions in the present matter do not include the words "only” and “limited,” The language in the proposed orders of dismissal is identical, except for the plaintiffs’ names, As discussed below, removing these two words from the motions does not convert them into true motions to dismiss with prejudice.