S.B., BY AND THROUGH HER PARENTS, S.B. AND M.B.

VERSUS

JEFFERSON PARISH SCHOOL BOARD

NO. 23-C-590

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

February 12, 2024

Susan Buchholz
Chief Deputy Clerk

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Susan S. Buchholz
Chief Deputy, Clerk of Court

**IN RE** S.B.

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE SHAYNA BEEVERS MORVANT, DIVISION "M", NUMBER 842-576

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and John J. Molaison, Jr.

**WRIT GRANTED**

The relators in this matter, who include a child with autism, S.B., allege that S.B.'s civil rights and rights as a disabled person were violated by the actions of the respondent through the impermissible use of corporal punishment on two separate occasions in a special education classroom. A review of the application demonstrates that the relators' 2021 petition, filed in the United States District Court for the Eastern District of Louisiana, asserted causes of action under federal civil rights law as well as claims actionable under Louisiana's state laws.[1] The federal district court ultimately dismissed the relators' petition upon finding that the federal claims had not been adequately alleged under §504 of the Rehabilitation Act, 29 U.S.C. § 701 *et. seq*, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12132. Concurrently, the U.S. District Court judge specifically declined to exercise supplemental jurisdiction over the relators' state law claims, in accordance with 28 U.S.C. §l367(c). However, the dismissal made clear that the relators' state claims were dismissed **without** prejudice. The dismissal was affirmed by the U.S. Fifth Circuit Court of Appeals in an unpublished opinion dated May 30, 2023, that affirmed "the district court dismissing the action without prejudice."

On July 3, 2023, the relators filed a petition at the Twenty-Fourth Judicial District Court that re-asserted the state claims the U.S. District Court had not considered and dismissed without prejudice. The respondent

---

[1] The original complaint is not in the record before us, but the First Amended Complaint dated June 4, 2021 is. The allegations under Louisiana law included violations of the Louisiana Human Rights Act, La. Rev. Stat. 51:2247, the Civil Rights Act for Persons with Disabilities, La. Rev. Stat. § 46:2254, and general tort claims.

filed a peremptory exception of *res judicata* ("collateral estoppel") which was heard by the trial court on November 16, 2023, and granted, in part, in an order dated December 1, 2023. This timely writ application followed. In their writ application, the relators contend that the trial court erred in granting, in part, the respondent's exception.

The *res judicata* effect of a prior judgment is a question of law that this Court reviews *de novo*. *Singleton v. United Servs. Auto. Ass'n*, 18-15 (La. App. 5 Cir. 10/17/18), 258 So.3d 1074, 1076-77, *writ denied*, 18-1814 (La. 1/14/19), 261 So.3d 787. When a Louisiana court reviews an issue of *res judicata* in a case in which the initial litigation was in a federal court exercising federal question jurisdiction, the Louisiana court will apply the federal law of *res judicata*. *Reeder v. Succession of Palmer*, 623 So.2d 1268, 1271 (La. 1993). In order for *res judicata* to bar pendent state claims in a subsequent state law proceeding, three requirements must be met: (1) the federal court must have jurisdiction over the federal law claims; (2) it must exercise that jurisdiction and render a judgment on the merits; and (3) there must have been pendent state law claims that were not litigated due to a failure of the plaintiff to assert the claims unless the federal court clearly would have declined to exercise its pendent jurisdiction over the omitted state claim as a matter of discretion. *Id*. at 1272-73 (La. 1993). In the instant case, the relators concede that the first two *Reeder* criteria were met, but contend that the third element was not met because all of their state claims were asserted in the federal lawsuit. We agree with the conclusion that the relators' state claims were advanced in the earlier suit.

The respondents argued below that issue preclusion, or collateral estoppel, common to *res judicata* claims, should apply to bar some of the relators' state claims. In *Quatrevingt v. State through Landry*, 17-0884 (La. App. 1 Cir. 2/8/18), 242 So.3d 625, 639, *writ denied*, 18-0391 (La. 4/27/18), 239 So.3d 837, the First Circuit explained the concept of issue preclusion in the context of a *res judicata* exception:

> Collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." . . . Under issue preclusion, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes re-litigation of the same issue in a different cause of action between the same parties. Thus, res judicata used in the broad sense has two different aspects: a) foreclosure of litigating matters that have never been litigated but should have been advanced in the earlier suit; and b) foreclosure of re-litigating matters that have been previously litigated and decided. *Donley v. Town of Amite City Mayor & Council*, 2014-0169 (La. App. 1 Cir. 12/23/14), 2014 WL 7331949 (unpublished), *writ denied*, 2015-0351 (La. 4/24/15), 169 So.3d 363.

Under collateral estoppel, once an issue of ultimate fact is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. *Samour v. Louisiana Casino Cruises, Inc.*, 01-0831 (La. App. 1 Cir. 2/27/02), 818 So. 2d 171, 174-75

When a federal court dismisses a claim for failure to state a claim under F.R.C.P. Rule 12(b)(6), that dismissal does constitute a final decision on the merits for *res judicata* purposes. *See, Federated Dep't Stores, Inc.*, 452 U.S. at 399, n. 3, 101 S.Ct. 2424; *Hall v. Tower Land and Inv. Co.*, 512 F.2d 481, 483 (5th Cir. 1975). However, exceptions to the federal law of *res judicata* exist. *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-654, 95-671 (La. 1/16/96), 666 So.2d 624, 634. Such exceptions include circumstances when there is an express reservation of claims, when the defendant acquiesces in such a reservation, or when the court in the first action has expressly reserved the plaintiff's right to maintain the second action. *Id*. In *Sims v. American Ins. Co*., 101 So.3d 1 (La. 2012), the Louisiana Supreme Court stated that the only relevance of a dismissal with prejudice, as opposed to without prejudice, is that a dismissal with prejudice has *res judicata* effect on the parties to the suit dismissed with prejudice. *Id*. at 7. Conversely, it stands to reason that a dismissal without prejudice does not have a preclusive effect.

Our *de novo* review of the application shows that the relators asserted both related federal and state claims pertaining to the alleged actions of the respondent. The federal judgments specifically declined to address the relators' state claims, which were ultimately dismissed without prejudice. Under similar circumstances, federal courts have tacitly acknowledged that simply because a plaintiff has not sufficiently alleged a federal disability claim, he or she is not precluded from asserting a state claim based on the same set of facts. *See*, *Eskenazi-McGibney v. Connetquot Cent. Sch. Dist*., 84 F. Supp. 3d 221, 238 (E.D.N.Y. 2015); *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 131 (D. Conn. 2020). There has never been a ruling, nor the opportunity for a ruling, on the merits of the relators' claims brought under Louisiana's laws. For that reason, we find that exception of *res judicata* was granted in error. Accordingly, we grant the relator's writ application, reverse the trial court's December 1, 2023 judgment insofar as it grants the respondent's Exception of Res Judicata as to Collateral Estoppel with respect to the state law disability claims, and thereby dismisses the First Claim - Disability Discrimination (La. R.S. 51:2247) and the Second Claim - Disability Discrimination (La. R.S. 46:2254), with prejudice, and remand the matter for further proceedings.

Gretna, Louisiana, this 12th day of February, 2024.

**JJM**
**JGG**
**MEJ**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **02/12/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-C-590

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Shayna Beevers Morvant (DISTRICT JUDGE)
Olden C. Toups, Jr. (Respondent)          Christopher F. Edmunds (Relator)

### MAILED

Conner R. Toups (Respondent)              Brad J. Gegenheimer (Respondent)
Attorney at Law                            Attorney at Law
238 Huey P. Long Avenue                    238 Huey P. Long Avenue
Post Office Box 484                        Post Office Box 484
Gretna, LA                                 Gretna, LA 70054



**Court of Appeal**
FIFTH CIRCUIT
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054



7016 2070 0000 0954 8131

Christopher F. Edmunds
Attorney at Law
4937 Hearst Street
Suite 2F
Metairie, LA 70001

---

2/12/24

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Christopher F. Edmunds
Attorney at Law
4937 Hearst Street
Suite 2F
Metairie, LA 70001

23 C 590                    02.12.24

9590 9402 2434 6249 3569 41

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8131

PS Form 3811, July 2015 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Pos
$

Christopher F. Edmunds
Attorney at Law
4937 Hearst Street
Suite 2F
Metairie, LA 70001
23 C 590        02.12.24

Sent To
Street and

City, State,

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7016 2070 0000 0954 8131

2/12/24

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

Brad J. Gegenheimer
Conner R. Toups
Attorneys at Law
238 Huey P. Long Avenue
Gretna, LA 70054
24-C-590                    02-12-24

9590 9402 2434 6249 3573 82

2. Article Number (Transfer from service label)

7016 2070 0000 0954 8148

PS Form **3811**, July 2015 PSN 7530-02-000-9053

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X M. Rodriguez
☐ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
M Rodriguez     2-16-24

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt